Michell D. GELLER, Plaintiff,

v.

SECRETARY OF DEFENSE et al., Defendants.

Civ. A. No. 74–1843.

United States District Court, District of Columbia.

July 13, 1976.

Nathan Lewin, Washington, D.C., for plaintiff.

Roger C. Spaeder, Asst. U.S. Atty., Washington, D.C., for defendants.

MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This case presents the question of whether the Air Force can constitutionally enforce a regulation prohibiting the wearing of facial hair by its military personnel against an individual who was employed by the Air Force to serve in a religious capacity as a Jewish Chaplain. Rabbi Geller served in the Air Force on both active duty and reserve status between the years 1950 to 1974. Although plaintiff began wearing a beard in 1966, the Air Force did not inform him that he must remove his beard because it was in violation of Air Force Regulation (AFR) 35–10, Chapter 1–12–b(3)

until 1973. Because plaintiff refused to remove his beard he was subsequently reassigned to inactive reserve status. He brings this action asking the Court to declare that the Air Force regulation prohibiting facial hair is unconstitutional as applied in his case on the grounds that it violates his First Amendment right to free exercise of his religion. In addition, plaintiff asks for injunctive relief and reinstatement to the position of Active Air Force Reserve Chaplain with accompanying promotions, points, salary and other emoluments to which he would have been entitled had he been permitted to continue in his position as chaplain. The case is currently before the Court on cross motions for summary judgment. For reasons set forth below, the Court is persuaded that there are no material facts in dispute and plaintiff is entitled to judgment as a matter of law.

In its motion for summary judgment the defendants argue that this case does not present a first amendment claim because plaintiff's answers to interrogatories conclusively demonstrate that his wearing of a beard is motivated by personal and not religious reasons. The defendants stress the uncontroverted fact that wearing a beard is not required by plaintiff's religion. And even assuming arguendo that the case does present a question of constitutional significance, defendant continues, the facial hair regulation does not inhibit plaintiff's freedom of religion in a constitutionally impermissible way, relying upon *Kelley v. Johnson,* 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (decided April 5, 1976) and *Brooks v. Wainwright,* 428 F.2d 652 (5th Cir. 1970). The defendants emphasize that the employer-employee relationship between the parties is an important distinction to be noted in this case and cite *Dawson v. Mizell,* 325 F.Supp. 511 (E.D.Va.1971) to support their position that the challenged regulation does not create an impermissible infringement of religious freedom because it arises and has been applied in the context of federal employment.

■ Plaintiff vigorously disputes defendants' reading of the answers to interrogatories and has urged the Court to read these answers in their entirety and with recognition of plaintiff's chosen profession. This, plaintiff asserts, demonstrates that plaintiff's decision to wear a beard is religiously motivated. The Court has read the relevant interrogatories and is persuaded that plaintiff's interpretation is the correct one. There is no requirement that the religious practice be absolutely mandated in order to elevate plaintiff's claim to a level of constitutional significance. It is not the province of the Courts to dictate which practices are or are not required in a particular religion. *See, Serbian Eastern Orthodox Diocese v. Milivojevich,* 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (decided June 21, 1976); *Teterud v. Burns,* 522 F.2d 357 (8th Cir. 1975). The Court is persuaded by the record as presently constituted that the wearing of beards, although not required, is a well established religious tradition among members of the Jewish faith and that plaintiff wore his beard in furtherance of that religious practice. This being the case, a question of constitutional significance has been raised, *See Burgin v. Henderson,* 536 F.2d 501 (2nd Cir. 1976), and the only remaining issue for resolution is whether there is sufficient justification for this infringement of Rabbi Geller's right to free exercise of his religion which has occurred by the application of the regulation to him.

There is some dispute regarding the appropriate standard to be applied in a case in which a freedom of religion claim is raised in the context of military employment. The defendants argue that the Court should apply the standard recently set forth in *Kelley, supra,* a case in which a police officer challenged a hair length regulation on grounds that it violated his constitutional right to "liberty". That standard places the burden upon plaintiff to demonstrate that there is no rational connection between the regulation challenged and its alleged purpose.

Plaintiff admits that because of "the different character of the military community" there may be rules that are permissible

within the military even though they would be "constitutionally impermissible outside it." *Parker v. Levy,* 417 U.S. 733, 758, 94 S.Ct. 2547, 2563, 41 L.Ed.2d 439 (1974). However, plaintiff directs the Court's attention to *Sherbert v. Verner,* 374 U.S. 398, 403, 83 S.Ct. 1790, 1793, 10 L.Ed.2d 965 (1973) where the Supreme Court held that governmental regulation of "overt acts prompted by religious beliefs or principles" are constitutionally permissible only if the acts "posed some substantial threat to public safety, peace or order" or if the regulation was otherwise "justified by a 'compelling state interest in the regulation of a subject within the State's constitutional power to regulate . . .' *NAACP v. Button,* 371 U.S. 415, 438, 83 S.Ct. 328, 341, 9 L.Ed.2d 405." Plaintiff also cites *Wisconsin v. Yoder,* 406 U.S. 205, 220–221, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972) as supportive of this stricter standard.

The Court sees no need to decide the question of whether the standard set forth in *Kelley, supra,* is applicable in a free exercise claim raised in the context of military employment because the Court does not find the defendants' rationale persuasive under either test due to the unique circumstances of Rabbi Geller's case.

▪ The defendants have cited the preamble to the regulation as illustrative of its purpose. This preamble speaks of "a desire to create a uniform appearance for members of the Air Force" and to "instill public confidence and leave no doubt that the serviceman lives by a common standard and is responsible to military order and discipline." The defendants have also suggested that the Air Force has a general interest in a "military image" or "neatness, cleanliness and safety." These reasons, the Court feels, are not sufficient in this case where plaintiff, a Jewish Rabbi, was employed specifically by the military to serve in a religious capacity as a Jewish chaplain and where, in such service, he was permitted to wear a beard without criticism, adverse action or ill effects for seven years. On the record currently before the Court, there appears no adequate justification for the inflexible approach of the Air Force in its application of AFR 35–10 in this case.

Based upon the foregoing, it is this 13th day of July, 1976,

ORDERED that Defendants' Motion for Summary Judgment be and hereby is DENIED and Plaintiff's Motion for Summary Judgment be and hereby is GRANTED; and it is

FURTHER ORDERED that the defendants, the Secretary of Defense and the Secretary of the Air Force and all persons acting in concert with them under their supervision and control are hereby enjoined from enforcing Air Force Regulation (AFR) 35–10, Chapter 1–12–b(3) against the plaintiff so long as he continues to wear a beard for religious reasons; and it is

FURTHER ORDERED that the defendants, the Secretary of Defense and the Secretary of the Air Force shall forthwith reinstate the plaintiff to the position of Active Air Force Reserve Chaplain which he occupied as of November 1972 and shall accord to the plaintiff all promotions, points, salary and other emoluments to which he would have been entitled had no adverse action been taken with regard to him since that time and had he been permitted to continue in the capacity of an Active Air Force Reserve Chaplain; and it is

FURTHER ORDERED that the defendants, Secretary of Defense and the Secretary of the Air Force shall pay to the plaintiff such back pay as he would have received had he been permitted to perform duties as an Air Force Reserve Chaplain during the period between 1973 and this date; and the defendants, Secretary of Defense and Secretary of the Air Force shall pay costs and attorneys fees of this action.